NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1753
_____

UNITED STATES OF AMERICA

v.

LUKE A. ATWELL

Luke Atwell,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. (3-13-cr-00560-002)
District Judge: The Honorable Freda L. Wolfson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 14, 2018

Before: SMITH, *Chief Judge*, CHAGARES, and FUENTES, *Circuit Judges*

(Filed: July 26, 2018)
_____

OPINION*
_____

SMITH, *Chief Judge.*

A jury found Luke Atwell and Christopher Castelluzzo guilty of conspiring to

distribute and to possess with the intent to distribute the drugs methylone, cocaine, MDMA,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and marijuana, all in violation of 21 U.S.C. § 846. Atwell appeals, contending that the District Court erred in four respects: 1) attributing to him at sentencing responsibility for six-plus kilograms of methylone seized at an apartment in East Orange, New Jersey; 2) applying the enhancement in United States Sentencing Guideline (U.S.S.G.) § 3B1.1(b) for being a manager or supervisor; 3) refusing to apply a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; and 4) denying his motion to suppress.[1] For the reasons set forth below, we will affirm.

Homeland Security Investigations (HSI) Special Agents arrested Atwell and Castelluzzo at a U.S. Post Office in Manville, New Jersey, after the Special Agents effected a controlled delivery to Atwell of a package from China containing 2.9 kilograms of methylone. Approximately a month before the controlled delivery, Agents with the Drug Enforcement Administration seized a package containing 6.624 kilograms of methylone from an apartment in East Orange, New Jersey, that was being used to package drugs. A search of the apartment yielded certain personal items belonging to Castelluzzo, as well as items to be used to package and ship the drugs. While the search was being executed, Atwell arrived, purportedly for the purpose of giving a pair of winter gloves to Rafael Santiago-Soto, who was in the apartment and was directing the packaging of the drugs. At sentencing, over Atwell's objection, the District Court attributed to Atwell the methylone from both the controlled delivery and the seizure at the East Orange apartment. On appeal, Atwell asserts that he did not have notice and an opportunity to challenge the 9-plus

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

kilograms of methylone attributed to him. He also contends that "there is barely an iota of evidence connecting" him to the 6-plus kilograms seized from the apartment. Atwell's Br. 25.

Atwell's assertion that he was deprived of notice and an opportunity to challenge the drug quantity raises a due process claim. We exercise plenary review over this claim. *United States v. Ausburn*, 502 F.3d 313, 321 (3d Cir. 2007). Because the drug quantification was set forth in the presentence investigation report and because Atwell challenged that quantification at the sentencing hearing, there is no merit to Atwell's due process claim.

"We review a district court's findings of fact regarding quantity of drugs for clear error." *United States v. Freeman*, 763 F.3d 322, 337 (3d Cir. 2014). We reject, as did the District Court, Atwell's contention that there is no evidence connecting him to the 6-plus kilograms of methylone seized at the apartment. The Court cited not only Atwell's presence at the apartment, but also evidence that made clear that he was familiar with both the apartment and Santiago-Soto. In addition, the Court noted that the activity taking place in the apartment was in furtherance of the criminal conspiracy of which Atwell and Castelluzzo were convicted. We conclude the District Court did not err in its calculation of the quantity of drugs for which Atwell was responsible.

Atwell also objects to the District Court's three point enhancement of his offense level under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of "criminal activity [that] involved five or more participants." He asserts that the enhancement is inapplicable because the participants must be "criminally responsible themselves." Atwell Br. 28

(citing U.S.S.G. § 3B1.1 cmt. n.1). Atwell further contends that there is no evidence to support that he exercised the type of authority needed to apply the enhancement.

Here, too, we apply clear error review to the District Court's factual findings and "exercise plenary review over legal questions." *United States v. Helbling*, 209 F.3d 226, 243 (3d Cir. 2000). We conclude that application of the § 3B1.1(b) enhancement did not constitute error. The District Court thoughtfully considered Atwell's argument and identified the requisite participants involved in the offense. Because the offense of conviction was a § 846 drug conspiracy, we conclude that the participants could be criminally liable. *See United States v. Perez*, 280 F.3d 318, 343 (3d Cir. 2002). The sentencing transcript belies Atwell's position that the evidence fails to show he exercised the type of authority required for the enhancement to apply. Indeed, Atwell ignores that the District Court specifically cited e-mails, as well as Castelluzzo's trial testimony, to support Atwell's managerial role in the conspiracy.

According to Atwell, the District Court also erred by refusing to apply a downward adjustment for his acceptance of responsibility under U.S.S.G. § 3E1.1. Atwell explained that he was willing to accept a plea agreement but was compelled to stand trial because the agreement was contingent on Castelluzzo entering a plea. He also asserted that he had "done nothing but profess his innocence and work with the government to achieve an appropriate and expedited resolution of the charges." Atwell Br. 33. In light of the District Court's finding that Atwell had yet to admit his guilt and express remorse, the District Court did not err by refusing to apply this adjustment.

Finally, Atwell claims that warrantless searches of Castelluzzo's cell phone at the

4

scene of the arrest and of Castelluzzo's home resulted in a violation of Atwell's Fourth Amendment rights. He further contends that the affidavits in support of several search warrants failed to establish probable cause. In reviewing the denial of a motion to suppress, we apply clear error review to factual findings and plenary review to issues of law. *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). In reviewing a probable cause determination, we conduct a deferential review to ascertain if there was a "'substantial basis' for concluding that probable cause existed." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000).

Atwell lacks standing to challenge the searches of Castelluzzo's cell phone and home. *United States v. Stearn*, 597 F.3d 540, 552 (3d Cir. 2010) (citing *Rakas v. Illinois*, 439 U.S. 128, 139 (1978), as "black-letter law" that proponent of a suppression motion must assert his own rights). There is no merit to Atwell's probable cause challenge.

For the reasons set forth above, we will affirm the judgment of the District Court.